PER CURIAM.
This is an interlocutory appeal brought by defendants below from an order of the Circuit Court of Dade County, Florida, denying their motions for summary judgment.
Plaintiff’s second amended complaint alleged, inter alia, that the appellant-defendants, Miami City Employees’ Retirement System and Pension Fund and the Miami Police Relief and Pension Fund, are each a stakeholder of a fund reserved in the name of Glenn L. Baron, deceased; that appellant-defendant Marjorie Baron, as surviving spouse, and appellant-defendant Helen Baron, mother of the deceased, were beneficiaries of the funds; that a trust be imposed directly on the monies held by the appellants “Pension Fund” and “Retirement System” or that a trust be imposed upon Marjorie Baron and Helen Baron, if or when they should receive said proceeds.
The defendants moved for dismissal of the complaint and the motions were denied. Thereupon, answers were filed asserting that they were without knowledge of the allegations of said complaint and otherwise demanding strict proof of the material allegations.
Thereafter, defendants filed motions for summary judgment supported by affidavits. Opposing affidavits were filed by the appel-lee-plaintiff, the deceased’s first wife. Upon hearing, the court entered its order denying the motions for summary judgment.
Appellants contend that the court erred in failing to grant a summary final judgment pursuant to their motions.
We find appellants’ contention to be without merit and affirm; we think there were genuine issues of material fact created by *301 the pleadings, affidavits and depositions and that the court was correct in ruling that the defendants were not entitled to a summary judgment on the basis of the record. This holding is not to be construed as being a ruling on the legal effect of the facts as they appear here or may appear on trial.
Affirmed.